**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1921
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER BEREZNAK,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:18-cr-00039-001)
District Judge:  Hon. Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 6, 2021
_____

Before:  SHWARTZ, KRAUSE, and FUENTES, Circuit Judges.

(Filed:  July 7, 2021)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Christopher Bereznak was found guilty of unlawful distribution and dispensing of a controlled substance and was sentenced to time served. Bereznak appeals. Because neither Bereznak nor this Court have identified a nonfrivolous issue for appeal, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Bereznak was a dentist licensed to practice in the Commonwealth of Pennsylvania. As a dentist, he could prescribe controlled substances to his patients. Bereznak met A.G., a woman in her twenties, on Craigslist, and they formed a personal relationship. A.G. was never Bereznak's patient, but he nonetheless issued her nine prescriptions during an approximately six-week period.[1] A.G. subsequently died from an overdose.

A federal grand jury charged Bereznak with nine counts of unlawful distribution and dispensing of a controlled substance outside the usual course of a professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). During a seven-day trial, 999 text messages that Bereznak and A.G. exchanged were read into the record over Bereznak's Fourth Amendment, authenticity, and hearsay objections. In addition, several witnesses testified about a report from Pennsylvania's Prescription Drug Monitoring Program ("PDMP"), which documented the prescriptions Bereznak wrote for A.G. The jury found Bereznak guilty on all but one of the nine unlawful

---

[1] The prescriptions were for Soma, a Schedule Four substance, and for Percocet and Diazepam, both Schedule Two substances.

distribution/dispensing counts.

The Presentence Investigation Report recommended a United States Sentencing Guidelines range of six to twelve months' imprisonment based on an offense level of ten and a Criminal History Category I. The District Court imposed a within-Guidelines sentence of time served (approximately eight months) on each count to run concurrently, to be followed by three years of supervised release.

Bereznak appealed pro se, and we appointed Bereznak's trial counsel to represent him. Finding no nonfrivolous grounds on which to appeal, Bereznak's counsel moved to withdraw under Anders.

## II[2]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and a supporting brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." Third Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

778, 780 (3d Cir. 2000)).  An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81.  If the Anders brief meets these requirements, it guides our review, and we need not scour the record.  See Youla, 241 F.3d at 300-01.

Defense counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues.  First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of the Court's evidentiary rulings, and the reasonableness of Bereznak's sentence.  Second, the brief explains why any challenge to the Court's rulings would be frivolous under the governing law.  Counsel's Anders brief is therefore sufficient, and Bereznak himself has not filed a pro se brief identifying any issues for appeal.

B

As an initial matter, Bereznak's counsel correctly notes that the District Court had jurisdiction to enter the judgment of conviction.  Under 18 U.S.C. § 3231, United States district courts have jurisdiction over offenses against the laws of the United States.  Here, Bereznak was charged with unlawful distribution and dispensing of a controlled

4

substance, in violation of 21 U.S.C. § 841(a)(1), which is a federal offense.  Accordingly, there is no issue of arguable merit concerning jurisdiction.[3]

Next, Bereznak's counsel has identified several issues for appeal stemming from the District Court's evidentiary rulings.  First, counsel notes that he moved to suppress the text messages Bereznak and A.G. exchanged, arguing that those messages were acquired from A.G.'s cellphone in violation of Bereznak's Fourth Amendment rights.  This issue lacks merit because Bereznak had no reasonable expectation of privacy in the text messages he sent to A.G.'s cellphone.  See United States v. Stearn, 597 F.3d 540, 551 (3d Cir. 2010) (explaining that one seeking suppression must show that "he had a legitimate expectation of privacy" in the place searched (quoting Rawlings v. Kentucky, 448 U.S. 98, 104 (1980))).  Moreover, when Bereznak sent text messages to A.G.'s cellphone, he assumed the risk she would reveal the contents of the messages to third parties.  See Smith v. Maryland, 442 U.S. 735, 743-44 (1979) (one lacks a "legitimate expectation of privacy in information he voluntarily turns over to third parties" because he takes the risk, "in revealing his affairs to another, that the information will be conveyed by that person to the Government").

Second, Bereznak's counsel observed that the authenticity of these text messages may present a potential appellate issue.  Before an item of evidence is admissible at trial,

---

[3] Bereznak's constitutional rights were also protected at trial.  He was represented by counsel, who had a right to confront and cross-examine witnesses and present evidence, and Bereznak had a properly instructed jury to determine whether they unanimously agreed that the Government proved his guilt beyond a reasonable doubt.

its proponent must authenticate it by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This burden is "slight" and does not "require conclusive proof of a document's authenticity, but merely a prima facie showing of some competent evidence to support authentication." United States v. Turner, 718 F.3d 226, 232 (3d Cir. 2013). Here, the Government met its slight burden to show that the text messages were between Bereznak and A.G. For example, these messages were recovered from a cellphone that was found in A.G.'s home near her body, and A.G.'s mother testified that the cellphone and the number assigned to it belonged to A.G. The messages were sent between A.G.'s cellphone and a number that was labeled as belonging to Bereznak and which he conceded at trial was his cellphone number. Moreover, in the text messages, Bereznak and A.G. refer to each other by name and referenced their work, travels, and families, providing further evidence that they were the senders. Therefore, the Government presented competent evidence to support authentication of the text messages between A.G. and Bereznak under Rule 901. Cf. id. at 233 (holding that documents that were addressed to a person and found inside his home were properly authenticated). Insofar as other evidence may undermine the authenticity of the messages, such as the fact that A.G.'s cellphone was not password protected, the ultimate question of authenticity was one for the jury. See id. at 232 (noting the jury "ultimately determine[s] the authenticity of the evidence" (quoting United States v. Goichman, 547 F.2d 778, 784 (3d Cir. 1976) (per curiam))).

Third, counsel objected on hearsay grounds to the introduction of these text

messages into evidence. However, out-of-court statements, such as Bereznak's text messages, that are made by and offered against an opposing party are not hearsay. See Fed. R. Evid. 801(d)(2)(A); see also United States v. Browne, 834 F.3d 403, 415 (3d Cir. 2016) (noting Facebook messages defendant sent were admissible against him as statements made by a party opponent). A.G.'s text messages were also admissible non-hearsay as context for the text messages that Bereznak sent and were not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c)(2); see also United States v. Lewisbey, 843 F.3d 653, 658 (7th Cir. 2016) (messages defendant "received were admitted not for the truth of the matter asserted but instead to provide context for [his] own messages." (emphasis omitted)); United States v. Rivera, 780 F.3d 1084, 1092 (11th Cir. 2015) (noting that a declarant's "statements, by themselves, were important only to the extent they provided a context to assess [the defendant's] response").

Fourth, counsel sought to exclude PDMP data regarding Bereznak's prescriptions for A.G. because the search that acquired that data purportedly violated state law. Even if we assume that the search violated state law, "federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law." United States v. Rickus, 737 F.2d 360, 363 (3d Cir. 1984). Moreover, insofar as Bereznak based his challenge to the PDMP data on the Fourth Amendment, he has not shown a reasonable expectation of privacy in the prescriptions that he wrote and submitted to pharmacies. See Wedgewood Vill. Pharmacy, Inc. v. United States, 421 F.3d 263, 274 (3d Cir. 2005) (collecting cases stating that "the level of regulation of [the

7

pharmaceutical] industry is sufficient to permit a warrantless search under the Fourth Amendment").

Fifth, Bereznak's counsel presents the jury's potentially inconsistent verdict as a possible appellate issue. The jury found Bereznak guilty of eight counts of unlawful distribution and dispensing of a controlled substance outside the usual course of a professional practice and not for a legitimate medical purpose but found him not guilty on one count—the only difference being the approximate date of distribution/dispensing. Even if we view the jury's verdict as inconsistent, a seemingly inconsistent jury verdict is not a basis to overturn a conviction. See Harris v. Rivera, 454 U.S. 339, 346 (1981) (acknowledging "the unreviewable power of a jury to return a verdict of not guilty for impermissible reasons"); United States v. Gross, 961 F.2d 1097, 1107 (3d Cir. 1992) ("[I]nconsistency between acquittals and convictions may result from jury lenity and does not merit reversal of the convictions.").

In sum, Bereznak's counsel has correctly observed that there are no meritorious grounds for appeal.[4]

### III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of conviction.[5]

---

[4] Bereznak's counsel appropriately does not challenge the procedural or substantive reasonableness of his error-free, time-served, within-Guidelines sentence.

[5] Pursuant to Third Circuit Local Appellate Rule 109.2(b), counsel is also relieved of the obligation to file a petition of certiorari in the Supreme Court of the United States.